IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEVENSON L. FAIRLEY                                                                          PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:12cv220-FKB

CAPTAIN SIMMS, et al.                                                                        DEFENDANTS

OMNIBUS ORDER

Plaintiff, a state prisoner, brought this action pursuant to § 1983 alleging that prison officials failed to protect him from an assault by other inmates. The Court held a *Spears*[1] hearing on December 19, 2012, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's testimony at the hearing, and having conferred with the parties, the Court finds and order as follows.

Plaintiff is currently housed at East Mississippi Correctional Facility (EMCF). Prior to coming to EMCF, Plaintiff was housed at Central Mississippi Correctional Facility (CMCF). While at CMCF, Plaintiff was held in protective custody because of contracts placed on him by gang members. However, when he was transferred to EMCF during the latter part of 2011, officials at that facility failed to place in him protective custody. Plaintiff was assaulted by other inmates at EMCF in December of 2011.

In this action, Plaintiff attempts to hold CMCF officials liable for the attack on the theory that they failed to forward the necessary paperwork so that he would be held in protective custody after his transfer to EMCF.[2] In order to succeed on a failure-to-

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff has another action pending in this court, *Stevenson L. Fairley v. Warden Graham, et al.,* civil action no. 4:12cv52-LRS, in which he seeks to hold EMCF officials

protect claim, an inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm. *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The only person identified by Plaintiff who was personally responsible for the forwarding of his paperwork was Defendant "Case Manager." At the hearing, the parties clarified that this individual's name is Katrina Cooper. Although Plaintiff's testimony at the hearing was difficult to follow, the Court, construing his allegations liberally, concludes that he may be alleging that Cooper failed to forward the proper records to EMCF because she was affiliated with the gang whose members were seeking to harm Plaintiff. Accordingly, the Court will allow Plaintiff's claim against her to go forward at this stage. The Clerk is directed to substitute the name of Katrina Cooper in place of the defendant identified as "Case Manager."

Plaintiff has failed to make any allegations against the remaining defendants that would rise to the level of deliberate indifference. For this reason, all defendants other than Cooper are hereby dismissed.

This cause is set for a bench trial before the undersigned on July 31, 2013, at 9:00 a.m.

Upon motion of Plaintiff, the Court will secure the presence at trial of up to three incarcerated witnesses if the Court concludes that their testimony is relevant. Plaintiff shall include in any such motion the prisoner identification number and correctional facility in which the witness is housed and shall state in detail the nature of the proposed testimony and how it is relevant to the factual issues of Plaintiff's claim. Such motions shall be filed no later than thirty days prior to trial.

---

liable for this same assault.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the trial. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than thirty days prior to trial, Plaintiff shall file a motion requesting a subpoena to be issued for the witness. The request shall include the name and address of the witness, and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

No discovery shall be conducted without leave of court.

Any dispositive motions shall be filed by May 29, 2013.

SO ORDERED this the 10th day of January, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE