IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEVENSON L. FAIRLEY                                                                          PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:12cv220-FKB

CAPTAIN SIMMS, et al.                                                                      DEFENDANTS

## ORDER

Stevenson L. Fairley is a former state prisoner. He brought this action pursuant to § 1983 alleging that prison officials failed to protect him from an assault by other inmates. Following a *Spears*[1] hearing, all defendants other than Kennon Keyes were dismissed. Presently before the Court is Defendant Keyes's motion for summary judgment. Plaintiff has failed to respond to the motion. Having considered the motion and the competent summary judgment evidence of record, the Court concludes that the motion should be granted.

The assault of which Plaintiff complains occurred at East Mississippi Correctional Facility (EMCF) in December of 2011. Prior to being at EMCF, Plaintiff was housed at Central Mississippi Correctional Facility (CMCF). Plaintiff contends that while at CMCF, he was held in protective custody because of contracts placed on him by gang members. Plaintiff alleges that when he was transferred to EMCF during the latter part of 2011, officials at that facility failed to place him in protective custody. According to Fairley, one of the reasons that EMCF failed to place him in protective custody was Defendant Keyes, his case manager for classification at CMCF, failed to forward the proper paperwork to

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

EMCF.

In support of his motion, Keyes has submitted an affidavit detailing his responsibilities and actions with regard to Plaintiff.  Keyes states that he performed a classification evaluation on Fairley on or about September 23, 2011, shortly after he entered MDOC custody.  During the evaluation, Fairley "red tagged" thirteen offenders.  This list, along with all other pertinent information obtained during the interview, was placed in both Fairley's paper file and his MDOC computer file.  The paper file was forwarded to EMCF when Plaintiff was transferred, and the computer file is accessible at all MDOC facilities, including EMCF.  Keyes explains in his affidavit that as a case manager, he had no authority to order or deny protective custody for inmates.

Fairley has come forward with no evidence that any action or inaction on Keyes's part contributed to the assault at EMCF.  For this reason, Keyes in entitled to judgment as a matter of law.  Keyes's motion is hereby granted.  A separate judgment will be entered.

SO ORDERED this the 1st day of November, 2013.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE